**UNITED STATES of America,**

v.

**Carlos Mario ESPINAL–MEJIA, Lesbia Martha Espinal, a/k/a Lesbia Martha Castillo–Martinez, Benito Antonio Mainieri–Medina, a/k/a Tony Giacommo Paternostro–Ruiz, Diego Suarez–Guzman, Lesbia Udit Castillo–Martinez, a/k/a Lesbia Udit Arrieta, Roger Castillo–Gonzales, Luz Estella DeFatima Tamayo–Morales, Defendants.**

93–CR–381.

United States District Court,
N.D. New York.

May 11, 1994.

Gary L. Sharpe, Albany, NY (Don Kinsella, Asst. U.S. Atty., of counsel), for U.S.

Brownstein, Booth, and Barry, Union City, NJ (Alex. W. Booth, Jr., of counsel), for defendant Mejia.

## MEMORANDUM–DECISION–ORDER

McAVOY, Chief Judge.

Currently before the Court is a pre-trial motion filed by defendant Carlos Mario Espinal–Mejia. Within this motion, the defendant seeks a severance based upon alleged misjoinder of counts and defendants in the indictment. The Court will address these issues seriatim.

### a. misjoinder of counts

Federal Rule of Criminal Procedure 8(a) allows joinder of offenses in the same indictment in different counts. More specifically, Rule 8(a) states:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme.

Fed.R.Crim.P. 8(a).

In the case at bar, defendant Carlos Mario Espinal–Mejia asserts that Count 15 of the indictment, charging him with illegal re-entry into the United States, should be severed from the remainder of the indictment. The defendant avers that the indictment is essentially a bribery charge complicated by the fact that the "pay-off" included cocaine. Accordingly, it is the defendant's position that the illegal re-entry charge alleged in Count 15 is not part of the same transaction, nor is it of the same or similar character as the remainder of the counts.

The government argues that Carlos Mario Espinal–Mejia's involvement in the offenses charged in the remainder of the indictment is directly related to the illegal re-entry charged in Count 15, since Carlos Mario Espinal–Mejia could not have accomplished the other offenses without being present in the United States. Thus, the government argues, Carlos Mario Espinal–Mejia's allegedly illegal reentry into the United States was a critical act leading to his alleged commission of the other offenses charged in the remainder of the indictment.

In determining whether it is appropriate to sever counts in a multi-defendant case, the court must use the standard found in Fed.R.Civ.P. 8(b) rather than Fed.R.Civ.P. 8(a). *United States v. Biaggi*, 909 F.2d 662, 675–76 (2d Cir.1990). Thus, several defendants can only be tried together if the charged acts are part of a series of acts or transitions constituting an offense or offenses. C. Wright, *Federal Practice and Procedure*, § 144, at 508–509 (2d ed. 1982).

In *United States v. Brown*, 744 F.Supp. 558 (S.D.N.Y.1990), a District Court in the Southern District of New York was presented with a motion substantially similar to the motion presently before this court. In *Brown*, the court held that since it would have been impossible for the defendant to commit the narcotics offenses charged with-

out actually being present in the United States, the charged crime of illegal re-entry was sufficiently related to the other offenses for the purposes of joinder under Rule 8(b). *Id.* at 563. This court finds this reasoning articulated in *Brown* to be persuasive and therefore, the court will deny the defendant's motion seeking severance of Count 15.

### b. motion for severance from other defendants

As stated previously, the defendant has also requested a severance from the remaining defendants. A defendant seeking such a severance must shoulder the difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials. *See, United States v. Panza,* 750 F.2d 1141, 1149 (2d Cir.1984); *United States v. Losada,* 674 F.2d 167, 171 (2d Cir.1982), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982). The moving party must show "substantial prejudice" which must be more than evidence of "a better chance of acquittal" if severance was granted. *United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.1984). Severance should only be granted where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* ——— U.S. ———, ———, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).

In this case, the defendant has not presented a specific trial right that would be compromised as a result of a joint trial. The defendant's bald assertion that he will be prejudiced by a joint trial does not rise to a level necessary for severance. Accordingly, because the defendant has not shown any indicia that a specific trial right would be denied by a joint trial, or that the jury would not be able to make a proper judgment about his guilt or innocence if severance was not granted, the court feels severance of defendants is not warranted.

In sum, after review and consideration of the papers submitted by the parties, it is hereby

**ORDERED** that the defendant's motion for severance based upon the misjoinder of counts and misjoinder of defendants is denied.

**IT IS SO ORDERED.**